Dr. Winfred Thompson President, University of Central Arkansas Conway, Arkansas 72032
Dear Dr. Thompson:
This is in response to General Counsel Roy Whitehead's request for an opinion concerning the overpayment of salaries to five employees of the University as a result of clerical errors in posting sick leave, annual leave, and compensatory time. The University's internal auditor recommended that the overpayments be collected from the employees, but the University agreed with the employees' supervisor that because the amount was relatively small, the collection of these amounts against the employees should be waived. The legislative auditors recommended that the University, in cooperation with this office and the Department of Finance and Administration ("DFA"), determine whether restitution is due. Toward this end, you have asked my opinion on the following question:
 Is the University required to recover an overpayment in the amount of $245.15 from five (5) employees when the overpayment was the result of an error by the University and not the fault of the employees?
It is my opinion that this particular situation is governed by A.C.A. § 19-4-1609 (Cum. Supp. 1991).[1] This provision allows a state-supported institution of higher learning, at its request, to implement a salary and personal services matching disbursement procedure whereby the payroll of the institution may be disbursed by the institution itself, and paid from institution bank funds, subject to reimbursement and correction of reporting by the Chief Fiscal Officer of the state (the Director of DFA). Under this procedure, the payroll is disbursed by the institution, and then it is forwarded to DFA for reimbursement and correction. Section (b)(3) of this statute provides as follows:
 At such time as the Chief Fiscal Officer examines the copy of the payroll forwarded to him for determining the reimbursable amount, he shall also review it in order to discover any erroneous or improper payments as provided for by law. He shall forward to the disbursing official of the institution the identification of any erroneous or improper payments he may discover. The liability for those payments shall be with the executive head of that institution and its bonded disbursing officer, or his designated bonded assistant. [Emphasis added.]
This statute, in my opinion, indicates that the liability for these erroneous payments may be recovered by proceeding against the bond of the disbursing official. It is thus my opinion that the answer to your question is "no," the University is not required to recover the overpayments from the employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that the University of Central Arkansas has opted to act under this statute.